**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dumitru Matache, | No. CV-07-1819-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Social Security Administration Commissioner, | |
| Defendant. | |

Plaintiff brought this action seeking review of the Social Security Administration's decision that he is not eligible for disability insurance benefits. The court has before it plaintiff's motion for summary judgment (doc. 10) and memorandum in support (doc. 12), defendant's cross-motion for summary judgment and response (doc. 13), and plaintiff's response and reply (docs. 14, 15).

**I**

Plaintiff filed an application for disability insurance benefits on October 1, 2004, claiming disability as of July 15, 2004. He was diagnosed with gastric adenocarcinoma and had a complete gastrectomy (stomach removal) in October 2003. He claims that since his surgery he has had difficulty eating, with resulting weight loss, nausea, weakness, and dizziness, and that as a result he is unable to work.

Plaintiff's application for benefits was denied initially and on reconsideration. Following a hearing, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then initiated this action for judicial review pursuant to 42 U.S.C. § 405(g).

**II**

An ALJ's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Under this standard, an ALJ's findings must be upheld "if supported by inferences reasonably drawn from the record," Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004), even where "evidence exists to support more than one rational interpretation." Id.

Plaintiff lost approximately 30 pounds after his gastrectomy because of difficulty with eating. At the time of the hearing, he weighed approximately 148 pounds, down from 172 pounds before surgery. He returned to work after surgery as a stair/railing installer, at the heavy exertional level, from March 1, 2004 to July 29, 2004. He has not engaged in substantial gainful activity since that date. Tr. 22.

The ALJ determined that plaintiff has the residual functional capacity to perform a full range of medium work. Tr. 21. He adopted the vocational expert's opinion that plaintiff's residual functional capacity would not preclude him from performing his past relevant work as a truck driver at the light and medium exertional levels and as an installer of stairs and railings. Tr. 24. Therefore, the ALJ concluded that plaintiff was not disabled within the meaning of the Act "at any time through the date of [the] decision." Id. After plaintiff's claim was denied, he filed a new disability application in January 2007, which was eventually granted. Therefore, this appeal involves defendant's denial of benefits from July 2004 through January 2007.

**III**

Plaintiff first contends that the ALJ erred in discounting the opinions of Dr. Bailes, his primary care physician, and Dr. Rakkar, his oncologist. Because the medical opinion of a claimant's treating physician is entitled to special weight, an ALJ may reject controverted testimony of a treating physician only if he provides "specific and legitimate reasons supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quotation omitted).

Dr. Bailes' May 2004 treatment notes indicate that plaintiff complained of weakness, but that otherwise a physical examination was within normal limits. Tr. 256. On September 30, 2004, plaintiff reported to Dr. Bailes that he had stopped working in July 2004 due to weakness. Again, the physical examination was within normal limits. Tr. 255. On June 27, 2005, plaintiff discussed his disability claim with Dr. Bailes, who agreed to write a letter of disability. Tr. 314. In that letter, Dr. Bailes stated that since his surgery plaintiff was unable to work due to fatigue, difficulty eating, weight loss, and profound intermittent dizziness. Tr. 148. He opined that plaintiff was "100% disabled as he is losing weight and potentially failing to thrive." Id.

Dr. Bailes then completed a "physical capacities evaluation" on July 14, 2005, in which he opined that plaintiff could sit, stand, and walk 6 hours in an 8-hour workday, and could perform each activity 2 to 3 hours at a time. Tr. 145. He also opined that plaintiff could lift up to 10 pounds frequently and that his complaints of dizziness and fatigue resulted in moderately severe limitations on functioning. Tr. 146-47. Dr. Bailes completed a second physical capacities evaluation a year later, on September 11, 2006, this time opining that plaintiff could sit, stand, and walk 5 hours in an 8-hour workday. Tr. 309. He again opined that plaintiff could lift up to 10 pounds frequently and that his complaints of dizziness and fatigue resulted in moderately severe limitations on functioning. Tr. 309-10.

The ALJ rejected Dr. Bailes' opinion that plaintiff is 100% disabled, in part because that conclusion was not supported by his progress notes, which showed no clinical findings related to plaintiff's allegations of weakness, fatigue, or dizziness. See Tonapetyan v. Halter,

- 3 -

1  242 F.3d 1144, 1149 (9th Cir. 2001) (upholding rejection of treating physician's opinion that
2  was unsupported by treatment notes or objective medical findings). The ALJ noted that the
3  purpose of plaintiff's only follow-up visits in June and July, 2005, was to complete the
4  disability application.  Once completed, plaintiff sought no further treatment for his
5  symptoms. Tr. 22. Further, the ALJ noted as significant that Dr. Bailes opined that plaintiff
6  could sit, stand, and walk for 6 hours in an 8-hour workday and found this inconsistent with
7  his conclusion that plaintiff is unable to sustain work activity due to dizziness and weakness.
8  Tr. 23, 148. See Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (internal
9  inconsistencies within a doctor's report constitutes a specific and legitimate basis for
10 rejecting the report).

11 The ALJ also rejected the opinion of Dr. Rakkar, plaintiff's oncologist. On October
12 25, 2006, Dr. Rakkar wrote a letter stating that since October 2003, plaintiff had chronic
13 fatigue, dizziness, and hypotension that prevented him from being able to stand, walk, or
14 work for any length of time. Tr. 316. He concluded that plaintiff should be considered
15 permanently disabled. Id. In rejecting Dr. Rakkar's opinion, the ALJ properly noted that
16 whether a claimant is disabled is an administrative, not medical, finding that is reserved to
17 the Commissioner, and is not entitled to "special significance." Id. 20 C.F.R. §
18 404.1527(e)(3).  Moreover, the ALJ noted that Dr. Rakkar had not seen plaintiff since
19 January 2004, over two and a half years before issuing his three-sentence opinion stating that
20 plaintiff was "permanently disabled." An "ALJ need not accept a treating physician's
21 opinion that is conclusory and brief and unsupported by clinical findings." Tonapetyan, 242
22 F.3d at 1149.

23 The ALJ also relied on the contrary opinions of Drs. Cunningham and Kapur as
24 additional specific reasons for rejecting the opinions of Drs. Bailes and Rakkar.  On
25 December 20, 2004, Keith Cunningham, M.D., performed a consultative physical
26 examination of plaintiff and documented plaintiff's ability to move normally and
27 independently. Tr. 213. He noted that plaintiff was thin, but that there were no signs of
28 malnutrition or cachexia (weight loss and loss of appetite). Tr. 214. Plaintiff reported to Dr.

- 4 -

1   Cunningham that he did housework and was able to drive. Tr. 213. Based on this
2   examination, Dr. Cunningham opined that plaintiff could perform a range of medium work.
3   Tr. 215-17.
4         On April 15, 2005, Vikram Kapur, M.D., also completed a consultative physical
5   examination. He documented an unremarkable examination, including plaintiff's intact
6   muscle tone and motor strength, with no evidence of muscle atrophy. Tr. 150-51. He noted
7   that while plaintiff reported difficulty with eating and drinking, he denied recent loss of
8   weight or appetite. Although Dr. Kapur diagnosed plaintiff with anorexia and cachexia
9   secondary to post-surgical removal of the stomach, he nevertheless concluded that plaintiff
10  did not have any functional limitations that would preclude him from work. Tr. 151. The
11  ALJ's misstatement regarding Dr. Kapur's diagnosis, Tr. 23, does not diminish Dr. Kapur's
12  ultimate conclusion that plaintiff's condition would not prevent him from working.
13        We conclude that the ALJ provided sufficient reasons supported by substantial
14  evidence in the record for rejecting the opinions of Drs. Bailes and Rakker.

**IV**

16        Plaintiff also argues that the ALJ improperly discounted his subjective allegations of
17  functional limitations. An ALJ is entitled to use ordinary techniques of credibility
18  evaluation. However, if the claimant's testimony shows no malingering, the ALJ may reject
19  the claimant's testimony about the severity of symptoms only with "specific findings stating
20  clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.
21  1996). "When evidence reasonably supports either confirming or reversing the ALJ's
22  decision, we may not substitute our judgment for that of the ALJ." Batson, 359 F.3d at 1196.
23        The ALJ concluded that the plaintiff's allegations of disabling limitations are not
24  supported by the medical record when taken as a whole. Tr. 21. He first found that the
25  objective medical evidence did not support plaintiff's allegations. See 20 C.F.R. §
26  404.1529(b) (medical evidence must reasonably support subjective claims). Plaintiff's
27  cancer was in remission, and although he was below his normal weight, his weight had
28  increased steadily following chemotherapy. Tr. 150, 212, 256, 312, 315. The findings by

1  two separate consultative examining physicians showed unremarkable findings, despite his
2  weight loss and fatigue. Plaintiff had normal muscle strength, with no signs of muscle
3  atrophy or wasting, that would support the severity of plaintiff's symptoms. Tr. 23, 155, 213.
4  See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (lack of muscle atrophy is
5  inconsistent with claim of inactivity and chronic fatigue and bedrest).

6      Moreover, the ALJ found that plaintiff's daily activities were inconsistent with his
7  subjective testimony. Plaintiff reported that he performed household chores, drove, and was
8  able to travel to Chicago for a week, visiting family. Tr. 213, 357-58. The ALJ properly
9  concluded that these activities are inconsistent with plaintiff's allegations of disabling
10 fatigue, weakness, and dizziness. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
11 2002) (ability to perform various household chores such as cooking, laundry, washing dishes,
12 and shopping suggested ability to perform work). The ALJ also found significant the fact
13 that plaintiff was not taking any medication nor had he sought medical treatment for his
14 symptoms. This lack of medical treatment is inconsistent with the alleged severity of his
15 symptoms. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ
16 may discredit the testimony of a plaintiff who failed to seek treatment).

17     Based on the foregoing, we conclude that the ALJ's determination that plaintiff's
18 testimony was not wholly credible is supported by specific findings and clear and convincing
19 reasons and therefore is entitled to deference. See Flaten v. Sec'y of Health & Human
20 Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).

21 **V**

22     Finally, plaintiff claims that the ALJ erred in failing to appropriately evaluate the lay
23 witness statements of plaintiff's wife and son. Lay testimony is competent evidence of the
24 severity of impairment and must be considered unless the ALJ expressly determines to
25 disregard it and give reasons germane to each witness for doing so. Lewis v. Apfel, 236 F.3d
26 503, 511 (9th Cir. 2001).

27     Here, the ALJ found that the statements provided by plaintiff's wife and son were not
28 evidence of disability because they amounted to general observations of plaintiff. Plaintiff's

wife stated only that he had difficulty eating and had lost weight, but she did not describe any functional limitations. Plaintiff's son stated that since chemotherapy ended, his father never recovered his strength and could not return to work. Tr. 23-24, 63. This was inconsistent with the record evidence which showed that plaintiff did return to work after his surgery for a significant period of time. Therefore, this statement is not persuasive evidence of disability. Tr. 107, 355-57. The ALJ provided specific reasons germane to each witness for discounting the lay witness statements.

## VI

Based on the foregoing, we conclude that substantial evidence in the record supports the ALJ's conclusion that plaintiff is not disabled.

Therefore, **IT IS ORDERED GRANTING** defendant's cross-motion for summary judgment (doc. 13) and **DENYING** plaintiff's motion for summary judgment (doc. 10).

DATED this 12th day of August, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge